UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. COLTON POORMAN, Defendant. | 3:14-CR-30101-RAL OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |

The Government charged Colton Poorman with abusive sexual contact. Doc. 1. Poorman filed a motion to suppress statements he made to law enforcement on August 18, 2014. Doc. 24. Magistrate Judge Mark A. Moreno held an evidentiary hearing during which he heard testimony from FBI Special Agent Oscar Ramirez and received evidence concerning the statements, including a video recording of Special Agent Ramirez's interview with Poorman, Exhibit 1. Doc. 29. Judge Moreno issued a Report and Recommendation recommending denial of Poorman's motion. Doc. 34. Poorman objects to the "factual and legal findings made by the Magistrate Judge which resulted in the Magistrate Judge concluding that Defendant's statements were made voluntarily and without undue coercion." Doc. 36 at 2.

This Court reviews a report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in pertinent part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of

the [district] court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. After careful consideration of Poorman's objections and a de novo review of the record, this Court has determined that the Report and Recommendation should be accepted.

The Fifth Amendment privilege against self-incrimination protects criminal defendants from being compelled by the government to incriminate themselves. Miranda v. Arizona, 384 U.S. 436, 467 (1966). A voluntary statement or confession may be used against a defendant in court, but an involuntary statement or confession may not. Schneckloth v. Bustamonte, 412 U.S. 218, 226–27 (1973). A court must consider the totality of the circumstances, including conduct of the officers and the characteristics of the defendant, to determine whether a statement is voluntary. United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004). A statement is involuntary if made by a subject whose "will has been overborne and whose capacity for self-determination critically impaired" by "threats, violence, or direct or implied promises." United States v. Kilgore, 58 F.3d 350, 353 (8th Cir. 1995) (internal quotations omitted).

Special Agent Ramirez and Rosebud Sioux Tribe Law Enforcement Services Special Agent Mark Kettell performed a custodial interview of Poorman. Doc. 34 at 2; Doc. 30 at 10. Special Agent Ramirez informed Poorman of his Miranda rights, and Poorman understood those rights. Doc. 34 at 2; Doc. 30 at 12. During the approximately two-hour-long interview, Poorman made statements implicating himself in conduct which formed at least part of the basis for the eventual charge of abusive sexual contact in this case. Doc. 34 at 2; Exhibit 1. The agents did not use force, physical punishment, or threats of force or physical punishment to compel the incriminating statements. Doc. 34 at 4; Exhibit 1. Poorman did not show any indication of being low functioning, particularly suggestible and vulnerable to question, or under

the influence of alcohol or drugs. Doc. 34 at 4–5; Exhibit 1. Special Agent Ramirez used deception techniques to try to persuade Poorman to talk and made several suggestions that it would be best for Poorman to tell his side of the story, but made no promises of leniency. Doc. 34 at 6–7; Exhibit 1. In fact, Special Agent Ramirez made clear that he would forward any information he received from Poorman to the United States Attorney's Office, which would make the decisions about potential criminal charges. Doc. 34 at 6–7; Exhibit 1. Poorman did not invoke his right to remain silent, request assistance from legal counsel, or try to terminate the interview at any time during the interview. Exhibit 1.

Interview tactics utilized by government officers such as "claiming not to believe an explanation, making false promises, playing on a suspect's emotions, using [the suspect's] respect for his family against him, deceiving the suspect, conveying sympathy, and even using raised voices" do not necessarily "render a confession involuntary." United States v. Brave Heart, 397 F.3d 1035, 1041 (8th Cir. 2005). At the time of the interview, Poorman was an adult of average intelligence and had experience with the judicial system. Doc. 34 at 6. Poorman appeared to be careful what to say during the entire interview, and at no time did he appear to be under duress or susceptible to coercion. In fact, as Judge Moreno found, Poorman did not unequivocally admit to all the conduct that Special Agent Ramirez wanted him to admit. Doc. 34 at 7. Poorman's will was not overborne, nor was his capacity for self-determination impaired; his admissions were voluntary and are admissible at trial against him.

Judge Moreno's factual findings and legal conclusions are supported the record of evidence and the law. Therefore for the reasons state above and therein, it is hereby

ORDERED that the Report and Recommendation, Doc. 34, is adopted by this Court in its entirety. It is further

ORDERED that Defendant's objections to the Report and Recommendation, Doc. 36, are overruled. It is finally

ORDERED that Defendant's Motion to Suppress Statements, Doc. 24, is denied.

DATED this 24th day of February, 2015.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE